UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNDRED ACRE WINE GROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> STUART JAY LERNER, et al., <br><br> Defendants. | Case No. 22-cv-07305-JD <br><br> **ORDER RE EX PARTE APPLICATION, EVIDENCE PRESERVATION, AND SERVICE** |

Plaintiff Hundred Acre Wine Group filed a complaint alleging that defendants Stuart Lerner, Two 4 Stu LLC (which does business as the Lerner Project winery), Elton Potts, and Vine Vault LLC, misappropriated trade secrets. Dkt. No. 1. Hundred Acre produces wines that sell for $600 to $700 per bottle. *Id.* ¶ 41. A small portion of its wines are sold at specialty retailers and restaurants, but the majority are sold to "members" of Hundred Acre's exclusive and confidential customer mailing list. *Id.* ¶¶ 14, 16, 19. Hundred Acre says that defendants misappropriated its customer list and used customer names, shipping data, and purchasing history to market Lerner Project wines. *Id.* ¶¶ 43-44. Hundred Acre alleges claims under the Defense of Trade Secrets Act (DTSA), 18 U.S.C. § 1836, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c), and the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1, and for breach of contract and declaratory and injunctive relief. *Id.* ¶¶ 77-121.

Hundred Acre filed an ex parte application for an order under the DTSA directing the U.S. Marshals Service to seize Lerner's personal laptop and other electronic devices that are said to contain Hundred Acre customer information. Dkt. No. 10. Familiarity with the record is assumed, and the application for a seizure order is denied. To maintain the status quo pendente lite, all parties are ordered to preserve evidence as stated at the end of this order.

The DTSA states that the Court may, "upon ex parte application but only in extraordinary circumstances," order seizure of property when necessary to prevent the propagation or dissemination of a trade secret. 18 U.S.C. § 1836(b)(2)(A)(i). This extraordinary relief is available when "it clearly appears from the specific facts" that a more conventional request for a TRO or other relief under Federal Rule of Civil Procedure 65 would be "inadequate," such as in situations where the evidence indicates that "the party to which the order would be issued would evade, avoid, or otherwise not comply with such an order." *Id.* § 1836(b)(2)(A)(ii). The harm of denying the application must outweigh the harm to the person whose devices would be seized, and any third parties who might also be affected by seizure. *Id.*

The record before the Court does not warrant a seizure order under these demanding standards. To start, there is no evidence to indicate that defendants would ignore a Rule 65 order. Hundred Acre says that Lerner runs his winery business from a personal laptop, which in Hundred Acre's view means that a TRO or other injunction would not stop him from deleting or transferring evidence of the stolen customer data. Dkt. No. 10-4 at 9. Why this might be so is entirely unclear. Data on a personal laptop is no more subject to deletion than data stored on a device in a business office. In either situation, a forensic exam is typically capable of determining whether data has been tampered with or destroyed. The mere fact that a laptop may not have been issued by a business does not, in itself, heighten the risk of untoward conduct.

Hundred Acre also says that defendants concealed and "downplayed" the alleged theft, and so are likely to disobey a Court order. *Id.* at 10. This too is not an obvious proposition. It's one thing for defendants to disagree with Hundred Acre about the facts, and an entirely different thing for them to flout a Court order, with all the adverse consequences that would entail. Nothing in the record indicates that defendants are likely to ignore an injunction.

Overall, Hundred Acre has not identified any evidence-based risks that would warrant the extraordinary ex parte relief of the seizure of a laptop. This is all the more true in light of the fact that Hundred Acre's complaint is publicly available on the ECF docket, and that defendants were served with a summons last week. *See* Dkt. Nos. 1, 8. The trade secret claims are not a secret

themselves, and there is little value apparent in an ex parte seizure order premised on the concern that defendants will misbehave if they know about the allegations.

That is enough to deny the application. It also bears mention that Hundred Acre has not established that the balance of hardships tips in its favor. There is no question that the unexpected appearance of law enforcement personnel to seize a laptop would cause considerable disruption to defendants, and in all probability further injury from a loss of access to data and functionality wholly unrelated to this case. The risk to Hundred Acre of a loss of evidence for litigation purposes is purely speculative at this time.

Consequently, the ex parte application is denied. Hundred Acre may request a TRO or other injunctive relief in a noticed motion.

To maintain the status quo and pending further order, no party named in this case may copy, transfer, modify, or edit in any way any electronic file in any format that constitutes Hundred Acre's customer mailing list, or contains information related to it. Hundred Acre is directed to serve a copy of this order on defendants as soon as practicable, and to file a proof of service on the ECF docket.

**IT IS SO ORDERED.**

Dated: December 9, 2022

JAMES DONATO
United States District Judge