**CALLAHAN & BLAINE, APLC**
Michael J. Sachs (SBN 134468)
mjs@callahan-law.com
John D. Van Ackeren (SBN 240793)
Jvanackeren@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Defendants TWO 4 STU, LLC and STUART JAY LERNER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HUNDRED ACRE WINE GROUP INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TWO 4 STU, LLC, a California limited liability company dba LERNER PROJECT; STUART JAY LERNER, an individual; VINE VAULT LLC, a Georgia limited liability company; and ELTON POTTS, an individual,<br><br>Defendants. | CASE NO.: 3:22-CV-07305-jd<br><br>Judge: James Donato<br><br>**DEFENDANTS TWO 4 STU, LLC AND STUART LERNER'S ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>Complaint Filed: November 18, 2022<br>Trial Date: None Set |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Defendants Two 4 Stu, LLC dba Lerner Project ("Lerner Project") and Stuart Lerner ("Lerner") (Lerner Project and Lerner are collectively referred to as the "Lerner Defendants") hereby answer the Complaint of Plaintiff Hundred Acre Wine Group, Inc. ("Hundred Acre") as follows:

## I. THE PARTIES

1. Paragraph 1 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

2. The Lerner Defendants admit the allegations contained in paragraph 2 of the Complaint with the qualification that Lerner Project is only licensed to sell wine in 17 states through its distributors.

3. The Lerner Defendants admit that Stuart Lerner is one of the founders and the Managing Member of Lerner Project. The Lerner Defendants further admit that Lerner and his wife Karen Lerner own an approximately 5.5% membership interest in Vine Vault, and that their ownership interest in Vine Vault has always been less than 6%. The Lerner Defendants also admit that Lerner resides at 3712 Rancho Estates Ct., Walnut Creek, California. The Lerner Defendants deny the remainder of the allegations in paragraph 3 of the Complaint and specifically that Lerner has ever been a majority owner of Vine Vault.

4. The Lerner Defendants are informed and believe the allegations in paragraph 4 of the Complaint to be true and on that basis admit those allegations.

5. The Lerner Defendants are informed and believe the allegations in paragraph 5 of the Complaint to be true and on that basis admit those allegations.

## II. JURISDICTION

6. The allegations in paragraph 6 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is

required, the Lerner Defendants deny the allegations contained in paragraph 6 of the Complaint.

## III. VENUE & DIVISIONAL ASSIGNMENT

7. The allegations in paragraph 7 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 7 of the Complaint.

## IV. FACTUAL ALLEGATIONS

### a. Hundred Acre's business model and trade secret

8. Paragraph 8 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

9. Paragraph 9 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

10. Paragraph 10 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

11. Paragraph 11 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Complaint, and, on that basis, the Lerner Defendants deny the allegations.

12. Paragraph 12 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

13. The Lerner Defendants deny the allegations contained in paragraph 13 of the Complaint and specifically deny that they have stolen or misappropriated anything from Hundred Acre.

14. Paragraph 14 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

15. Paragraph 15 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

16. Paragraph 16 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

17. Paragraph 17 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the

Complaint, and, on that basis, the Lerner Defendants deny the allegations.

18. Paragraph 18 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

a. Paragraph 18a of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18a of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

b. Paragraph 18b of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18b of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

c. Paragraph 18c of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18c of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

d. Paragraph 18d of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18d of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

e. The Lerner Defendants deny the allegations contained in paragraph 18e of the Complaint regarding their alleged misuse and misappropriation

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

of the Trade Secret. The remainder of Paragraph 18e of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 18e of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

f. Paragraph 18f of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18f of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

g. Paragraph 18g of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18g of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

19. Paragraph 19 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

20. Paragraph 20 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

21. Paragraph 21 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

**b. <u>Vine Vault's Business</u>**

22. The Lerner Defendants are informed and believe the allegations in paragraph 22 of the Complaint to be true and on that basis admit those allegations.

23. The Lerner Defendants are informed and believe the allegations in paragraph 23 of the Complaint to be true and on that basis admit those allegations.

24. The Lerner Defendants deny the allegations contained in paragraph 24 of the Complaint and specifically deny that Lerner was ever the majority owner of Vine Vault.

25. The Lerner Defendants admit the allegations contained in paragraph 25 of the Complaint.

26. The Lerner Defendants admit the following: The Vine Vault business model started out strictly as a wine storage business with two facilities in Atlanta and Austin. Potts began shipping wine directly for his wine storage customers from Napa and Sonoma. Vine Vault expanded their business in many different directions such as customer relocations (e.g., someone is moving and needs to ship their wines to another location) and shipping wine for Vine Vault shipping clients. Vine Vault opened a location in Napa to help with the logistics of shipping wine to its clients in Florida, Georgia, and Texas. Today, Vine Vault has storage facilities in Miami, Philadelphia, and Southern California, along with Napa, Austin and Atlanta. Vine Vault has had wine tastings and wine dinners at the Atlanta and Austin facilities for many wineries, not just Lerner Project. Vine Vault clients at those facilities attend and purchase wine. Lerner Project has only done two tasting events (one in Atlanta where Lerner Project and Roy Estate teamed up together and a second one in Austin). Vine Vault charged a fee to attend these tastings, and Vine Vault did not share any of the proceeds with Lerner Project. Lerner Project supplied the wine for

the events in hope to sell wine to Vine Vault members. Vine Vault has also organized "road show" events that Lerner Project has attended along with numerous other wineries to market and sell their wines. The Lerner Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27. The Lerner Defendants are informed and believe the allegations in paragraph 27 of the Complaint to be true and on that basis admit those allegations.

**c. Lerner Project**

28. The Lerner Defendants admit the following: Lerner and his wife Karen Lerner formed Lerner Project in 2015. The Articles of Organization was filed on October 23, 2015. Lerner is Lerner Project's Managing Member and has been since its formation. The Lerner Defendants deny the remaining allegations in paragraph 28 of the Complaint.

29. The Lerner Defendants admit the allegations in paragraph 29 of the Complaint.

30. The Lerner Defendants admit the following: All of Lerner Project's wine releases are allocated where customers are limited on the amount of wine they can purchase from any given single vineyard. Lerner Project does not have a membership program. All customers on Lerner Project's mailing list are sent an invitation to purchase wine from its wine releases, which are usually six per year. Certain of Lerner Project's wines sell for $275 per bottle. The Lerner Defendants deny the remaining allegations in paragraph 30 of the Complaint.

31. The Lerner Defendants admit that Lerner Project used and continues to use Vine Vault as its preferred shipping company to ship wine to Lerner Project customers in those states that Vine Vault services. The Lerner Defendants deny the remaining allegations in paragraph 31 of the Complaint.

**d. Vine Vault's Access to Hundred Acre's Trade Secret**

32. Paragraph 32 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

33. Paragraph 33 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

34. Paragraph 34 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

35. Paragraph 35 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

36. The Lerner Defendants deny they were agents of Vine Vault and Potts, and deny that they were ever aware or had reason to know that the Trade Secret was information that Plaintiff treated as confidential and as a protected trade secret. The remaining allegations in paragraph 36 of the Complaint do not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining allegations in paragraph 36 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

a. Paragraph 36a of the Complaint does not set forth allegations

against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36a of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

b. Paragraph 36b of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36b of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

c. Paragraph 36c of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36c of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

d. Paragraph 36d of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36d of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

37. Paragraph 37 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

38. Paragraph 38 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Complaint, and, on that basis, the Lerner Defendants deny the allegations.

39. Paragraph 39 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

40. Paragraph 40 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

41. Paragraph 41 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

**e. <u>Trade Secret Misappropriation</u>**

42. The Lerner Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. The Lerner Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. The Lerner Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. The Lerner Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. The Lerner Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. The Lerner Defendants deny the allegations contained in paragraph 47

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

of the Complaint.

48. The Lerner Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. The Lerner Defendants admit that the agreements Simpson negotiated in connection with his separation from Lerner Project and the sale of his membership interest in Lerner Project contain confidentiality provisions. The Lerner Defendants deny the remaining allegations contained in paragraph 42 of the Complaint.

50. The Lerner Defendants admit that Lerner owns a less than 6% minority interest in Vine Vault. The Lerner Defendants deny the remaining allegations contained in paragraph 50 of the Complaint.

51. The Lerner Defendants deny the allegations contained in paragraph 51 of the Complaint.

a. The Lerner Defendants deny the allegations contained in paragraph 51a of the Complaint.

b. The Lerner Defendants deny the allegations contained in paragraph 51b of the Complaint.

c. The Lerner Defendants deny the allegations contained in paragraph 51c of the Complaint.

d. The Lerner Defendants deny the allegations contained in paragraph 51d of the Complaint.

52. The Lerner Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. The Lerner Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. The Lerner Defendants deny the allegations contained in paragraph 54 of the Complaint.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**f. Vine Vault's Road Shows**

55. The Lerner Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. The Lerner Defendants admit that Vine Vault organized "road show" events, and that Lerner Project attended certain of these events that typically included eight to twelve wineries in attendance. The Lerner Defendants deny the remaining allegations of paragraph 56 of the Complaint.

57. The Lerner Defendants deny the allegations contained in paragraph 57 pertaining to them. The remaining allegations in paragraph 57 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

58. The Lerner Defendants deny that Hundred Acre's customers were added to Lerner Project's mailing list without their consent. The Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

59. Paragraph 59 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

60. Paragraph 60 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the

Complaint, and, on that basis, the Lerner Defendants deny the allegations.

**g. Statistical Evidence**

61. Paragraph 61 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

62. The Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

63. The Lerner Defendants admit the following: Lerner has amassed tens of thousands of contacts over the course of his 40+ year career in the pallet industry. Lerner has been in Napa Valley supplying pallets and collecting wine since 1983. Lerner has a tremendous number of contacts at some of the most prestigious brands in Napa Valley, and Lerner has networked with wineries in Napa Valley for decades. Based on the contacts that were lawfully obtained and independently derived, Lerner input over 5,000 customer names and contact information in Lerner Project's database in 2020. The Lerner Defendants deny the remaining allegations in paragraph 63 of the Complaint.

**h. Damages from Trade Secret Misappropriation**

64. The allegations in paragraph 64 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. The allegations in paragraph 65 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 65 of the Complaint.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

66. The allegations in paragraph 66 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 66 of the Complaint.

e. The allegations in paragraph 66e of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 66e of the Complaint.

f. The allegations in paragraph 66f of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 66f of the Complaint.

g. The allegations in paragraph 66g of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 66g of the Complaint.

h. The allegations in paragraph 66h of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 66h of the Complaint.

i. The allegations in paragraph 66i of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 66i of the Complaint.

j. The allegations in paragraph 66j of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 66j of the Complaint.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

k. The allegations in paragraph 66k of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 66k of the Complaint.

**i. RICO Enterprise affecting Interstate Commerce: Vine Vault and Visit from the Valley**

67. The Lerner Defendants admit that Lerner and Potts are personal friends. The Lerner Defendants further admit that the only business venture the Lerners have ever shared common ownership in with Potts, other than a failed start-up pallet business that was never operational, is in Vine Vault. Neither Potts nor any of his entities has ever been an investor in or a part of any Lerner company. The Lerner Defendants deny the remaining allegations in paragraph 67 of the Complaint.

68. The Lerner Defendants admit the allegations in paragraph 68 of the Complaint.

69. The Lerner Defendants admit that Lerner has operated and owned wood pallet manufacturing businesses over the past few decades that sold pallets across various regions of the country, and that Lerner owned Blue Chip Logistics, a pallet brokerage company in Kentucky, which stopped doing business in 2011. The Lerner Defendants deny the remaining allegations in paragraph 67 of the Complaint.

70. The Lerner Defendants are informed and believe the allegations in paragraph 70 to be true and on that basis admit those allegations.

71. The Lerner Defendants deny the allegations in paragraph 71 of the Complaint.

72. The Lerner Defendants admit the allegations in paragraph 72 of the Complaint.

73. The Lerner Defendants admit the following: In 2014, Lerner was approached by Steve Mazza ("Mazza"), the CEO of Nine Block, a new pallet leasing company. Mazza hired Lerner as a pallet consultant to provide expertise in

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

pallet manufacturing and recycling. Mazza was trying to raise funds for the start-up, but he was unable to raise the necessary funds to start the new business. In 2016, Mazza asked Lerner to continue to provide consulting services as he continued to try to find the necessary funding. Mazza asked Lerner if there was someone who could provide operations expertise for the company. Lerner recommended to Mazza that Potts might be available. Lerner gave Mazza all of Pott's contact information. Potts also became a consultant for the new venture. Potts gave Mazza other contacts that could help with the operation of the company. Lerner never got paid a penny for all of the consulting he did over a 5+ year period. Lerner became a board member for PALX. Potts was also put on board because of his expertise in the pallet leasing business. PALX never received the funding necessary and is not operational. Lerner resigned from the company in May 2022. The Lerner Defendants deny the remaining allegations in paragraph 73 of the Complaint.

74. The Lerner Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. The Lerner Defendants admit the following: Lerner Project ships many wine orders through Vine Vault because of its unique shipping platform. For those states that Vine Vault delivers through refrigeration, Lerner Project ships through Vine Vault. For all the other states that Vine Vault does not deliver in, Lerner Project uses FedEx and UPS as its shipping platform. All Lerner Project wines that are sold internationally to distributors are sold FOB Napa, and the distributor arranges its own trucking and pays for the freight. The remaining allegations in paragraph 75 of the Complaint are either legal conclusions to which a response is neither appropriate nor required, or the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and, on those bases, the Lerner Defendants deny the allegations.

76. The Lerner Defendants admit the following: Potts is the Managing Member of Vine Vault and Lerner is the Managing Member of Lerner Project.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Lerner and his wife Karen Lerner have a passive, approximately 5.5% membership interest in Vine Vault. The Lerners have no voting power in Vine Vault and have never had any involvement in the management or operations of Vine Vault nor have they ever been employed by Vine Vault. Lerner Project is not invited to and does not attend all the Vine Vault road show events. Lerner Project is typically one of ten participants at the Vine Vault road show events that Lerner Project attends. The remaining allegations in paragraph 76 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the remaining allegations contained in paragraph 76 of the Complaint.

**FIRST CLAIM FOR RELIEF**

**Misappropriation of Trade Secrets in Violation of Defense of Trade Secrets Act**

**(18 U.S.C. § 1836)**

**(Against All Defendants)**

77. The Lerner Defendants repeat, reallege, and incorporate by reference, as if fully set forth herein, the responses of the preceding paragraphs.

78. The allegations in paragraph 78 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. The allegations in paragraph 79 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. The allegations in paragraph 80 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 80 of the Complaint.

a. The Lerner Defendants deny the allegations contained in paragraph 80a of the Complaint.

b. The Lerner Defendants deny the allegations contained in paragraph 80b of the Complaint.

c. The Lerner Defendants deny the allegations contained in paragraph 80c of the Complaint.

81. The allegations in paragraph 81 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. The allegations in paragraph 82 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. The allegations in paragraph 83 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. The allegations in paragraph 84 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. The allegations in paragraph 85 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 85 of the Complaint.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**<u>SECOND CLAIM FOR RELIEF</u>**

**Violation of Racketeer Influenced and Corrupt Organizations Act**

**(18 U.S.C. § 1964(c))**

**(Against Defendants Potts, Lerner, and Lerner Project)**

86. The Lerner Defendants repeat, reallege, and incorporate by reference, as if fully set forth herein, the responses of the preceding paragraphs.

87. The Lerner Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. The allegations in paragraph 88 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. The allegations in paragraph 89 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. The allegations in paragraph 90 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. The allegations in paragraph 89 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 89 of the Complaint.

92. The allegations in paragraph 92 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. The Lerner Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. The allegations in paragraph 94 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 94 of the Complaint.

95. The allegations in paragraph 95 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 95 of the Complaint.

96. The allegations in paragraph 96 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. The Lerner Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. The allegations in paragraph 98 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. The allegations in paragraph 99 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. The allegations in paragraph 100 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 100 of the Complaint.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

101. The allegations in paragraph 101 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 101 of the Complaint.

**THIRD CLAIM FOR RELIEF**

**Misappropriation of Trade Secrets in Violation of California Uniform Trade Secrets Act (Cal. Civ. Code § 1836)**

**(Against All Defendants)**

102. The Lerner Defendants repeat, reallege, and incorporate by reference, as if fully set forth herein, the responses of the preceding paragraphs.

103. The allegations in paragraph 103 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 103 of the Complaint.

104. The allegations in paragraph 104 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 104 of the Complaint.

105. The Lerner Defendants deny the allegations contained in paragraph 105 of the Complaint.

106. The Lerner Defendants deny the allegations contained in paragraph 106 of the Complaint.

107. The allegations in paragraph 107 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. The allegations in paragraph 108 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

response is required, the Lerner Defendants deny the allegations contained in paragraph 108 of the Complaint.

109. The allegations in paragraph 109 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 109 of the Complaint.

**FOURTH CLAIM FOR RELIEF**

**Breach of Written Contract (Cal. Civ. Code § 3426.7)**

**(Against Defendant Vine Vault LLC)**

110. The Lerner Defendants repeat, reallege, and incorporate by reference, as if fully set forth herein, the responses of the preceding paragraphs.

111. Paragraph 111 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the allegations in paragraph 111 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 111 of the Complaint.

112. Paragraph 112 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

113. Paragraph 113 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

114. Paragraph 114 of the Complaint does not set forth allegations against

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the allegations in paragraph 114 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 114 of the Complaint.

115. Paragraph 115 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the allegations in paragraph 115 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 115 of the Complaint.

116. Paragraph 116 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the allegations in paragraph 116 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 116 of the Complaint.

**FIFTH CLAIM FOR RELIEF**

**Declaratory and Injunctive Relief**

**(Against All Defendants)**

117. The Lerner Defendants repeat, reallege, and incorporate by reference, as if fully set forth herein, the responses of the preceding paragraphs.

118. Paragraph 118 of the Complaint does not set forth allegations against the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

119. Paragraph 119 of the Complaint does not set forth allegations against

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

the Lerner Defendants, and, therefore, no response is required. To the extent a response is required, the Lerner Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Complaint, and, on that basis, the Lerner Defendants deny the allegations.

120. The allegations in paragraph 120 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 120 of the Complaint.

121. The allegations in paragraph 121 of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 121 of the Complaint.

a. The allegations in paragraph 121a of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 121a of the Complaint.

b. The allegations in paragraph 121b of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 121b of the Complaint.

c. The allegations in paragraph 121c of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 121c of the Complaint.

d. The allegations in paragraph 121d of the Complaint are legal conclusions to which a response is neither appropriate nor required. To the extent a response is required, the Lerner Defendants deny the allegations contained in paragraph 121d of the Complaint.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

## PRAYER FOR RELIEF

The Lerner Defendants deny that Hundred Acre is entitled to the relief requested or to any relief at all.

## AFFIRMATIVE DEFENSES

The Lerner Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM FOR RELIEF)

1. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (NO DAMAGES)

2. Hundred Acre's claims are barred, in whole or in part, because Hundred Acre sustained no injury in fact or damages caused by any act or omission by the Lerner Defendants.

### THIRD AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

3. Hundred Acre is barred from relief for its claims because it has failed to take reasonable and necessary steps to mitigate its alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

### (EXCUSE/JUSTIFICATION)

4. The acts and omissions by the Lerner Defendants, if any, were excused and/or justified by the information and facts available to the Lerner Defendants at the time such acts and omissions, if any, occurred.

### FIFTH AFFIRMATIVE DEFENSE

### (GOOD FAITH)

5. Hundred Acre's claims are barred, in whole or in part, because the Lerner Defendants acted in good faith at all relevant times.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**SIXTH AFFIRMATIVE DEFENSE**

**(COMPLIANCE WITH LAW)**

6. Hundred Acre's claims are barred, in whole or in part, because the Lerner Defendants' alleged conduct and activities were in compliance with applicable federal and state law.

**SEVENTH AFFIRMATIVE DEFENSE**

**(NO CONTROL)**

7. Hundred Acre's claims are barred, in whole or in part, because the Lerner Defendants did not control or direct the manner in which others performed their work.

**EIGHTH AFFIRMATIVE DEFENSE**

**(NO VICARIOUS LIABILITY)**

8. Hundred Acre's claims are barred, in whole or in part, because the Lerner Defendants are not vicariously liable for any alleged wrongful acts committed by any of the other defendants or any third party.

**NINTH AFFIRMATIVE DEFENSE**

**(LACK OF KNOWLEDGE)**

9. The Lerner Defendants did not know and, in the exercise of reasonable care, could not have known about the existence of the unlawful acts alleged in the Complaint to have been committed by others.

**TENTH AFFIRMATIVE DEFENSE**

**(NEGLIGENCE OR CONDUCT OF OTHERS)**

10. If Hundred Acre suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by the Lerner Defendants.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**ELEVENTH AFFIRMATIVE DEFENSE**

**(FAULT OF HUNDRED ACRE)**

11. If Hundred Acre suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Hundred Acre itself, and not the Lerner Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

**(INTERVENING ACTS)**

12. The damages complained of in the Complaint were the result of the intervening actions of others and were not proximately caused by the actions or omissions of the Lerner Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(NO DUTY)**

13. Hundred Acre's claims are barred, in whole or in part, because the Lerner Defendants owed no duty to Hundred Acre.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(NO CAUSATION)**

14. The Complaint fails to show that any alleged act or omission of the Lerner Defendants caused the harm or damages claimed by Hundred Acre.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(WAIVER)**

15. Hundred Acre, by its conduct, has waived the claims set forth in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

16. Hundred Acre's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(CONSENT, APPROVAL, RATIFICATION, AND/OR ACQUIESCENCE)**

17. Hundred Acre consented to, approved, ratified, and/or acquiesced to the acts and omissions about which it now complains, and, therefore, it is barred from pursuing this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(CONTRIBUTION)**

18. Any harm alleged can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(ADEQUATE REMEDY AT LAW)**

19. Hundred Acre's equitable claims are barred, in whole or in part, in light of the fact that Hundred Acre has an adequate remedy at law in that by their terms, the claims of harm by Hundred Acre are monetary in nature and involve alleged financial loss. All of the allegations, if true, could, therefore, be compensated by readily ascertainable damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(PUNITIVE DAMAGES UNCONSTITUTIONAL)**

20. Hundred Acre is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that the imposition of such damages would violate the Lerner Defendants' rights to due process and/or equal protection under the law, under the United States and California Constitutions.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(LACHES)**

21. Hundred Acre's claims are barred, in whole or in part, by the doctrine of laches.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

22. Hundred Acre's claims are barred, in whole or in part, by the doctrine of unclean hands.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(NO NOTICE)**

23. The Lerner Defendants were never aware of or on notice of the existence of any trade secrets of Hundred Acre.

**RESERVATION OF RIGHTS**

The Lerner Defendants reserve the right to amend this Answer should they later discover facts demonstrating the existence of new and/or additional affirmative defenses and/or should a change in the law support the inclusion of new and/or additional affirmative defenses.

**PRAYER**

WHEREFORE, the Lerner Defendants pray for judgment as follows:

1. That Hundred Acre takes nothing by the Complaint;

2. That the Complaint be dismissed with prejudice;

3. That judgment be entered in the Lerner Defendants' favor and against Hundred Acre;

4. That the Lerner Defendants' recover their costs of suit herein, including reasonable attorneys' fees as allowed by law and contract; and

5. That the Court grant such other and further relief as it may deem appropriate.

Dated: January 6, 2023

**CALLAHAN & BLAINE, APLC**

By: 

Michael J. Sachs
John D. Van Ackeren
Attorneys for Defendants TWO 4 STU, LLC and STUART JAY LERNER

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM